WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Shirley and Donna M. Shirley, | No. CV-11-852-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| vs. | |
| Integrated Systems Improvement Services, Inc., | |
| Defendant. | |

Pending before the Court is a Motion for Judgment on the Pleadings filed by Defendant Integrated Systems Improvement Services, Inc. ("ISIS") on June 18, 2012. (Doc. 15.) Plaintiffs Russell Shirley ("Shirley") and Donna M. Shirley[1] filed a response on July 12, 2012 and ISIS timely replied. (Docs. 18, 20.) ISIS moves the court for final judgment on the pleadings and dismissal with prejudice of the pending action. For the reasons stated herein, the Court will grant the Motion in part.

Also pending before the Court is a Motion to Strike Exhibits to Response to Motion for Judgment on the Pleadings filed by ISIS on July 23, 2012. (Doc. 19.) Plaintiffs filed a response to the Motion on August 10, 2012 and Defendant timely replied. (Docs. 23, 24.) For the reasons stated herein, the Court will deny the Motion as moot.

---

[1] Although Donna M. Shirley is named as a Plaintiff in this action, she is not a party to any of the factual allegations and has been named solely because she is the wife of Russell Shirley and has an alleged community property interest in the litigation. Accordingly, the Court refers to Plaintiff Russell Shirley as "Shirley" in this Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts alleged in Plaintiff's Complaint are as follows:

Shirley was hired by ISIS on or about August 8, 2008 for an instructor position. At the time of hire, Shirley informed ISIS that he had a military-service related disability that resulted in sleep apnea and insomnia. ISIS did not express any concerns related to Shirley's alleged disability. During his employment at ISIS, Shirley was considered to be a good employee and an outstanding instructor; he was nominated for employee performance awards in August and September, 2010.

As a New Years' resolution for 2011, Shirley decided to stop smoking. As a result, he began to experience increased insomnia. On January 10, 2011, an ISIS team leader discovered Shirley asleep at work. The team leader woke him up and informed him that he had also fallen asleep at work on January 7, 2011; Shirley was not aware that he had fallen asleep at work on either occasion. On or about January 12, 2011, Shirley was terminated.

Shirley filed a discrimination charge against ISIS with the United States Equal Employment Opportunity Commission. On September 28, 2011, the EEOC dismissed Shirley's case and issued a Right to Sue letter. On December 28, 2011, Plaintiffs filed the instant action in federal court. (Doc. 1.) Plaintiff's Complaint alleged four causes of action against ISIS: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) "bad cause termination"; (3) defamation; and (4) intentional infliction of emotional distress ("IIED"). (*Id.*) On April 27, 2012, ISIS moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (Doc. 9.) In response to the Motion to Dismiss, Plaintiffs filed an Amended Complaint alleging three causes of action against ISIS: Count 1, violation of the ADA; Count 2, defamation; and Count 3, IIED. (Doc. 12.) The pending Motion for Judgment on the Pleadings followed.

**STANDARD OF REVIEW**

"Rules 12(b)(6) and 12(c) are substantially identical." *Strigliabotti v. Franklin Resources, Inc.,* 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005). Rule 12(c) motions for judgment on the pleadings are therefore reviewed under the standard applicable to a Rule

12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). In ruling on a Rule 12(c) motion, the Court must "determine whether the facts alleged in the complaint, to be taken for [the purposes of a Rule 12(c) motion] as true, entitle the plaintiff to a legal remedy." *Strigliabotti*, 398 F.Supp.2d at 1097. "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Id.* A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009). As with a motion to dismiss, the analysis is generally limited to the facts as stated in the complaint, but the "court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the ... motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006).

## ANALYSIS

In its motion for judgment on the pleadings, ISIS contends that all 3 counts of Plaintiffs' Amended Complaint are deficient as a matter of law. In addition, ISIS moves to strike exhibits 1, 2 and 3 from Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings on the ground that the exhibits are irrelevant, hearsay and not authenticated.

**1.   Motion for Judgment on the Pleadings**

   **a.   Plaintiffs have stated an ADA claim**

In order to state a claim under the ADA, Plaintiffs must allege that: (1) Shirley is disabled within the meaning of the ADA; (2) Shirley is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) Shirley suffered an adverse employment action because of his disability. *Allen v. Pacific Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999)). ISIS contends that Plaintiffs have failed to state an ADA claim because Shirley is not disabled within the meaning of the ADA.

With respect to the first element, the ADA defines "disability" as: (A) a physical

or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2) (1994).  The phrase "major life activities" includes, but is not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 CFR § 1630.2(i)(1)(i).  Applicable regulations further instruct that "the term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 CFR § 1630.2(j)(1)(i).

The Amended Complaint is flawed in that it does not specifically identify Shirley's disability, instead alleging generally that Shirley suffers from "a military service related disability."  (Doc. 12, pg. 2.)  However, the Amended Complaint identifies two major symptoms of the disability: sleep apnea and "resulting insomnia." (Doc. 12, pg. 2.)   The Amended Complaint further alleges that sleep apnea "can cause an individual to feel very sleepy during the day … and under certain circumstances to fall asleep during daytime hours." (Doc. 12, pg. 5.)  According to the Amended Complaint, Shirley used nicotine as a stimulant during the day to stave off daytime sleepiness caused by insomnia.  (Doc. 12, pgs. 5-6.)  When Shirley stopped smoking, his sleep apnea and insomnia caused him to fall asleep at work.  (Doc. 12, pgs. 6-7.)    Based on these allegations, the Court concludes that Plaintiffs have met the pleading requirements of Rules 8 and 12, Fed. R. Civ. P.  When the facts alleged in the Amended Complaint are taken as true and viewed in the light most favorable to Plaintiffs, it appears that Shirley's sleep apnea and insomnia constitute impairments that substantially limit the major life activity of sleeping.  The conditions were severe enough that Shirley self-medicated with nicotine and fell asleep at work when not self-medicating.  Given the liberal standard of review on a Rule 12(c) motion for judgment on the pleadings and the broad statutory construction called for by the regulations, the Court declines to enter judgment against Plaintiffs on Count 1 at this stage in the proceedings. *See Phillips v. PacifiCorp,* 304

Fed.Appx. 527, 529 (9th Cir. 2008) ("To establish a substantial limitation on the major life activity of sleeping for the purpose of defeating summary judgment, all that is required in this case is [plaintiff's] testimony alleging great difficulty sleeping at night."); *Kolecyck-Yap v. MCI Worldcom, Inc.*, 2001 WL 245531 (N.D. Ill. 2001) (collecting cases discussing circumstances in which sleep apnea substantially limits the major life activity of sleeping). Accordingly, Defendant's Motion is denied as to Count 1.

### b.  Plaintiffs have failed to state a claim for defamation

In order to state a claim for defamation under Arizona law, Plaintiffs must allege: (1) publication of a false and defamatory communication; (2) the publisher's knowledge of falsity, reckless disregard of the truth or negligence in ascertaining the truth; and (3) harm to the plaintiff. *See Peagler v. Phoenix Newspapers, Inc*., 560 P.2d 1216, 1222 (1977) (adopting Restatement (Second) of Torts § 580B (1975)). "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Turner v. Devlin*, 848 P.2d 286, 288–89 (1993) (quoting *Godbehere v. Phoenix Newspapers, Inc*., 783 P.2d 781, 787 (1989)).

Plaintiffs' Amended Complaint alleges that ISIS knew that Shirley suffered from sleep apnea but nevertheless terminated him for falling asleep at work, in contradiction to previous assurances by ISIS that it would accommodate Shirley's alleged disability. (Doc. 12, pgs. 10-11.) According to Plaintiffs, "in the events leading up to the termination, employees of the Defendant strongly indicated that Plaintiff's falling asleep was caused by irresponsible behavior or by being lazy, ignoring the fact that falling asleep was induced by his sleep apnea." (*Id*. at pg. 11.) Plaintiffs claim that the "damage to [Shirley's] reputation had a serious and devastating economic impact" on Shirley and his family. (*Id*.)  These allegations are not sufficient to state a claim for defamation. First, Plaintiffs have not alleged that the "employees of the Defendant" knew that their statements were false. Second, Plaintiffs have not alleged publication, because it does not appear that any third party was aware that "employees … strongly indicated that [Shirley was] irresponsible … [or] lazy." A plain reading of the Amended Complaint

suggests that these comments were made to Shirley himself. *See Dube v. Likins*, 167 P.3d 93, 104 (Ariz. App. 2007) ("Publication for defamation purposes is communication to a third party."). Finally, the Court notes that Plaintiffs' Response to the Motion for Judgment on the Pleadings failed to address ISIS's contention that Plaintiffs' defamation claim was without merit. Pursuant to LRCiv 7.2(i), such failure to respond may be deemed a consent to the relief requested. *See Puzz v. Chase Home Finance*, LLC, 763 F.Supp.2d 1116, 1120-1121 (D. Ariz. 2011). Thus, it appears that Plaintiffs agree with ISIS's assertion that the Plaintiffs' defamation claim has not been properly pled and should be dismissed. Accordingly, ISIS is entitled to dismissal of Count 2.

### c.   Plaintiffs have failed to state a claim for IIED

In order to state a claim for IIED, Plaintiffs must allege that ISIS's conduct was "extreme" and "outrageous;" that ISIS either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from its conduct; and that severe emotional distress in fact occurred. *See Mintz v. Bell Atlantic Systems Leasing Intern., Inc.*, 905 P.2d 559, 562-63 (Ariz. App. 1995). Only when reasonable minds could differ in determining whether conduct is sufficiently extreme or outrageous does the issue go to the jury. *Id.* at 563. "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Id.* (citing *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988)).

Plaintiffs' Amended Complaint fails to allege conduct that reaches the high bar of "extreme" and "outrageous." Plaintiffs allege that ISIS terminated Shirley without giving him an opportunity to obtain medical treatment for the sleep apnea issues that were causing him to fall asleep at work. (Doc. 12.)  This conduct, even if true, is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Johnson v. McDonald*, 13 P.3d 1075, 1080–81 (Ariz.App.1999). The mere act of termination, even if done for an unjust or discriminatory reason, does not support an IIED claim. *See, e.g., Castle v. Eurofresh, Inc.*, 2010 WL 797138, *9 (D. Ariz. 2010);

*see also Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1387 (Ariz. App. 1994) (method of termination did not give rise to IIED claim where employee was called to work in the middle of the night and then escorted out by security teams in the presence of the media). Furthermore, the Court notes that Plaintiffs failed to respond to ISIS's contention that their IIED claim was without merit; pursuant to LRCiv 7.2(i), the Court construes the failure to respond as Plaintiffs' consent to dismissal of the claim. Accordingly, ISIS is entitled to dismissal of Count 3.

### d. Plaintiffs will be granted leave to amend as to Count 1

Plaintiffs contend that in the event the Court finds deficiencies in their Amended Complaint, they should be granted leave to amend. Pursuant to Rule 15(a), Fed. R. Civ. P., leave to amend "shall be freely given when justice so requires." *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Id.* at 758; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). With respect to Counts 2 and 3, the Court concludes that amendment would be futile. ISIS's Motion to Dismiss argued that Plaintiffs' defamation claim lacked a factual basis and that the conduct alleged in support of Plaintiffs' IIED claim did not amount to "extreme and outrageous" conduct. (Doc. 9 pgs. 6-9.) The amendments made by Plaintiffs in response to ISIS's Motion to Dismiss did not correct these deficiencies. In addition, Plaintiffs have failed to avail themselves of the opportunity to defend the validity of these claims by failing to respond to the portions of ISIS's Motion for Judgment on the Pleadings arguing that the claims were without legal merit. Finally, it does not appear that Plaintiffs can amend their allegations such that a claim for defamation or IIED would exist. Accordingly, Counts 2 and 3 are dismissed with prejudice.

### 2. Motion to Strike

ISIS moves to strike exhibits 1, 2 and 3 from Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings on the ground that the exhibits are irrelevant, hearsay and not authenticated. Because the Court has resolved Defendant's Motion for

Judgment on the Pleadings without reference to the challenged exhibits, the Court will deny the Motion as moot.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT:

1. Defendant's Motion for Judgment on the Pleadings (Doc. 15) is GRANTED IN PART.
2. Counts 2 and 3 are dismissed with prejudice from Plaintiff's Amended Complaint.
3. Defendant's Motion to Strike (Doc. 19) is DENIED AS MOOT.
4. Defendant shall file an Answer within 20 days of the date this Order is filed.

Dated this 31st day of August, 2012.

Jennifer G. Zipps
United States District Judge